UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHAUN RUSHING, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    No. 1:24-cv-00107-JSD |
| CAPE GIRARDEAU CITY POLICE DEPARTMENT, et al., | ) ) ) ) |
|     Defendants. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is the application of self-represented plaintiff Shaun Rushing to proceed in the district court without prepaying fees and costs. After reviewing plaintiff's financial information, the Court will grant the motion. Because plaintiff has failed to state a claim upon which relief may be granted, the Court will dismiss this case.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represent litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendants the Cape Girardeau City Police Department, the "Missouri State Police Agency," and the Cape Girardeau County Sheriff's Department. He states that he was unlawfully arrested, but does not state by whom or when. After the arrest, plaintiff told the officer that he did not feel comfortable and that "it was someone/more than one after him." At this point, the officer began wrestling plaintiff and handled him roughly. Plaintiff states that the officer placed a weapon to plaintiff's back and pulled the trigger six times.

For relief, he seeks $300 billion, insurance, therapy, and for defendants to pay his medical bills.

## Discussion

Plaintiff has named as defendants three governmental entities that are not subject to liability in this civil rights case. First, plaintiff's claims against the Cape Girardeau City Police Department and the Cape Girardeau County Sheriff's Office must be dismissed. Both the Police Department

and the Sheriff's Department are departments or subdivision of local government, and not a juridical entity, suable as such. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). *See also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

As to defendant the Missouri State Police Agency (which the Court will assume is the Missouri State Highway Patrol), plaintiff has not made any allegations against this entity. Even if he had alleged facts implicating this defendant, the Missouri State Highway Patrol must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

For these reasons, the Court finds plaintiff has failed to state a claim upon which relief may be granted. The Court will dismiss this action on initial review under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot.**

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 21st day of August, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE